UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CHRISTINE LOMBARDI,

                Plaintiff,

    -against-

CHOICES WOMEN'S MEDICAL CENTER,
INC., and MERLE HOFFMAN,

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER
ADOPTING REPORT &
RECOMMENDATION
15-CV-05542 (DLI) (CLP)**

**DORA L. IRIZARRY, Chief United States District Judge:**

    Plaintiff Christine Lombardi ("Plaintiff") initiated this action against defendants Choices Women's Medical Center, Inc. ("Choices") and Merle Hoffman ("Hoffman") (collectively "Defendants") asserting disability and sexual orientation discrimination claims under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 291 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-502(a). (*See generally* Complaint ("Compl."), Dkt. Entry No. 1.)

    Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants moved to dismiss the Complaint for failure to state a claim for relief. (*See* Defendants' Mem. in Supp. of Mot. to Dismiss, Dkt. Entry No. 9.) Plaintiff opposed and requested leave to amend the Complaint. (*See* Pl.'s Resp. in Opp'n to Mot. to Dismiss, Dkt. Entry No. 21.)

    On November 23, 2016, this Court referred Defendants' motion to dismiss and Plaintiff's motion to amend the Complaint to the Hon. Cheryl L. Pollak, U.S.M.J., for a Report & Recommendation ("R & R"). On January 26, 2017, Magistrate Judge Pollak issued a thorough and well reasoned R & R recommending that Defendants' motion to dismiss the Complaint be

granted and Plaintiff's request for leave to amend the Complaint be denied. (*See generally* R & R, Dkt. Entry No. 27.) In support of granting Defendants' motion, the magistrate judge found that: (1) Plaintiff's claims were untimely; (2) the doctrine of equitable estoppel did not prevent Defendants from asserting a statute of limitations defense; (3) Plaintiff was not entitled to toll the statute of limitations based on insanity under N.Y. C.P.L.R. § 208; and (4) granting Plaintiff leave to amend the Complaint would be futile because the proposed amended complaint did not provide a basis for tolling the statute of limitations based on insanity. (*See generally* R & R.) On February 4, 2017, Plaintiff timely objected to the R & R. (*See* Objs. to R & R ("Objs."), Dkt. Entry No. 28.) On February 22, 2017, Defendants opposed Plaintiff's objections. (*See* Defendants' Opposition to Objections ("Defs.' Opp."), Dkt. Entry No. 30.)

For the reasons set forth below, Plaintiff's objections are overruled and the R & R is adopted in its entirety.

## DISCUSSION[1]

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, if a party "simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) (explaining that to allow "a rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal") (internal citations and quotation marks omitted).

---

[1] The Court assumes the parties' familiarity with the facts as outlined in the R & R. *See* R & R at 2-4.

A court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Plaintiff challenges the magistrate judge's conclusion that the statute of limitations could not be tolled based on Plaintiff's alleged insanity under N.Y. C.P.L.R. § 208. (Objs. at 1.) Plaintiff contends that the magistrate judge improperly relied on the Second Circuit's decision in *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90 (2d Cir. 2014), because, in that case, the plaintiff "sought to toll the statute of limitations under C.P.L.R. § 208 based upon a transient condition[.]" (*Id.*) Plaintiff states that the "critical measure" to toll the statute of limitations under C.P.L.R. § 208 is "whether the plaintiff's debilitation is so severe that she is unable to protect her legal rights because of an overall inability to function." (*Id.*)

Plaintiff misconstrues the magistrate judge's reliance on *La Russo*. The magistrate judge did not rely on *La Russo* because she found Plaintiff had a "transient condition," but rather for the same legal standard relied on by Plaintiff, *i.e.*, tolling based on insanity applies "to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society." (R & R at 13-14 quoting *La Russo*, 747 F.3d 90, 99 (2d Cir. 2014)). The magistrate judge further relied on *La Russo* for the proposition that, in determining whether insanity tolls the limitations period, "[d]ifficulty in functioning is not sufficient to establish insanity for purposes of § 208; rather, the plaintiff must be totally unable to function as a result of a 'severe and incapacitating' disability." *Id.* (internal citation omitted). Applying these legal principles, the

magistrate judge properly determined that the level of disability due to insanity alleged by Plaintiff was insufficient to warrant tolling, and was much less severe than in those cases where tolling was found warranted. (R & R at 19.) Plaintiff objects neither to this finding nor to the legal standard applied by the magistrate judge. Instead, Plaintiff's objection is based on a misreading of the R & R and is improper because it is not "clearly aimed at [a] particular finding[] in the magistrate judge's proposal." *Whyte v. Commonwealth Fin. Sys.*, 2015 WL 7272195, at *2 (E.D.N.Y. Nov. 17, 2015) (internal citation and quotation marks omitted). While the Court need not consider the objection at all, the Court, nonetheless, finds no clear error in the magistrate judge's analysis.

Plaintiff also contends that the magistrate judge erred in finding that Defendants were not estopped from invoking a statute of limitations defense. (Objs. at 1.) The doctrine of equitable estoppel "'applies where it would be unjust to allow a defendant to assert a statute of limitations defense'—specifically, 'where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action[.]'" *Grosz v. Museum of Modern Art*, 403 F. App'x 575, 577 (2d Cir. 2010) (Summary Order) (internal citation omitted). The doctrine "does not apply where the misrepresentation or act of concealment underlying the estoppel claim is the same act which forms the basis of plaintiff's underlying substantive cause of action." *Wells Fargo Bank, N.A. v. JPMorgan Chase Bank, N.A.*, 2014 WL 1259630, at *5 (S.D.N.Y. Mar. 27, 2014) (internal citation and quotation marks omitted). It applies "when some conduct by a defendant after his initial wrongdoing has prevented the plaintiff from discovering or suing upon the initial wrong." *Smith v. Smith*, 830 F.2d 11, 13 (2d Cir. 1987).

The magistrate judge correctly applied these standards and properly concluded that the doctrine of equitable estoppel was inapplicable. (R & R at 10.) The magistrate judge reached this determination based on "plaintiff['s] claim[] that defendants' concealment of facts regarding the

true reason for her discharge occurred when defendant Hoffman told plaintiff that it was 'not working out' at the time that plaintiff was terminated[.]" (*Id.*)  The magistrate judge consequently found that "the alleged concealment occurred at the time of the alleged wrongdoing – namely, her termination – which formed the basis of plaintiff's Complaint." (*Id.*)  Plaintiff contends that the alleged concealment was not Hoffman's statement made at the time of her termination that Plaintiff's employment was "not working out," as the magistrate judge concluded, but instead was revealed "over a month" after Plaintiff's termination when Tenille Washington, Choice's Director of Human Resources, "informed Plaintiff, that all medically disabled persons were being purged from their employment by Choices[.]" (Obj. at 1.)

Plaintiff's objection is improper because it is a new argument, based on facts not before the magistrate judge.  As such, it "cannot properly be raised for the first time in objections to the [R & R], and indeed may not be deemed [an] objection[] at all." *Hill v. Miller*, 2016 WL 7410715, at *1 (S.D.N.Y. Dec. 21, 2016) (internal citation and quotation marks omitted).  Before the magistrate judge, Plaintiff argued that the concealment was Hoffman's statement to Plaintiff that her employment "was not working out." (Pl.'s Resp. in Opp'n to Mot. to Dismiss at 8.)  Plaintiff never argued to the magistrate judge that Defendant's "deception . . . was not revealed for over a month" until such time as Washington informed Plaintiff that "all medically disabled persons were being purged from their employment[.]" (Obj. at 1)  This new factual assertion also is not found in the Complaint and is an improper objection on that ground as well.  Plaintiff cannot assert a new argument or amend her factual allegations through objections to an R & R.  *See Yao Wu v. BDK DSD*, 2015 WL 5664534, at *1 (E.D.N.Y. Sept. 22, 2015) (refusing to consider "facts and arguments [that] were not raised before" the magistrate judge).  Accordingly, because Plaintiff's argument "is not properly before the Court," *DeMarco v. Hartford Life & Acc. Ins. Co.*, 2014 WL

3490481, at *1 (E.D.N.Y. July 11, 2014), the Court declines to consider it. Even if the Court were to consider it, there is no clear error in the magistrate judge's equitable tolling analysis.

Plaintiff's final objection is that the magistrate judge erred in finding that Hoffman's reference to Ms. Washington, who is bisexual, as a "freak" was a "single stray remark" and "insufficient as a matter of law to state a claim for discrimination" under NYSHRL and NYCHRL. (R & R at 24; Obj. at 1-2.) Plaintiff asserts that the magistrate judge failed to consider the Complaint's allegation that Hoffman "used the offensive term toward [Ms. Washington] frequently." (Obj. at 1-2.) As an initial matter, the Court need not reach this objection because there is no error in the magistrate judge's conclusion that the Complaint is barred by the statute of limitations and that the statute of limitations is not tolled either by her insanity disability claim or equitable estoppel.

Even if the Complaint were timely, Plaintiff's assertion is an improper objection because Defendants made the argument to the magistrate judge that Hoffman's comment to Ms. Washington was "one stray remark, that without more, is insufficient to give rise to an inference of discrimination," and Plaintiff "did not respond to [this] argument[.]" (R & R at 24.) Plaintiff cannot respond to this argument belatedly in her objection to the R & R. Plaintiff was required to make all her arguments before the magistrate judge. *See e.g.*, *U.S. Bank Nat. Ass'n v. 2150 Joshua's Path, LLC*, 2014 WL 4542950, at *2 (E.D.N.Y. Sept. 10, 2014) ("A district court will generally not consider arguments that were not raised before the magistrate judge.") (internal citation and quotation marks omitted); *Baker v. Ace Advertisers' Serv., Inc.,* 153 F.R.D. 38, 43 (S.D.N.Y. 1992) ("[A] 'party is not entitled as of right to a de novo review by the judge of an argument never seasonably raised before the magistrate.'") (internal citation omitted).

Accordingly, the Court finds that Plaintiff's assertion is meritless and the magistrate judge's finding is not clearly erroneous.

## **CONCLUSION**

Upon reviewing for clear error the remainder of the R & R to which Plaintiff does not properly object and finding none, the R & R is adopted in its entirety. *See Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (Summary Order) ("The district court need not, however, specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety."). Accordingly, Defendants' motion to dismiss is granted, Plaintiff's motion for leave to amend is denied because the claims are time barred, and this action is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
     March 23, 2017

/s/
DORA L. IRIZARRY
Chief Judge